## Kirkland v. Greer.

Oct. 22, 1943.

Barbour & Bassmann and Nippert & Nippert for appellant.

Carl Ebert for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellant is a Sergeant Major in the United States Army, stationed at Fort Thomas, Kentucky, and the appellee is his former wife and the present wife of a noncommissioned officer whom she married within less than three months after the appellant divorced her. The divorce was granted by the District Court of the State of Nevada on July 17, 1939, and neither the jurisdiction of that Court nor the validity of its decree is attacked. In his petition in the Nevada Court the appellant alleged his residence in the State of Nevada for the requisite jurisdictional period; that he and the appellee had been married on January 24, 1929, in the City of Washington, D. C.; that the defendant had treated him with extreme cruelty, a statutory ground for divorce in Nevada; that he was the proper person to have the custody of the eight year old girl child born as a result of the marriage; and, in paragraph 4, that there was no community property belonging to either of the parties in which the other was entitled to share. The appellee filed an answer in which she admitted the marriage, that appellant was a proper person to have the custody of the child, and the allegations contained in the fourth paragraph of the petition. After hearing proof, the Court entered a decree adjudging "that all of the allegations of the plaintiff in his complaint are true," and awarding the relief sought.

The present action was instituted by appellee to obtain a "just, fair, and equitable division of all the properties owned jointly by the parties hereto, and for the restoration of a diamond ring, and an order enjoining defendant from removing any and all of the properties and other assets from the jurisdiction of the Campbell Circuit Court and from concealing or disposing thereof." The appellant demurred generally and specially to the petition, the special demurrer being based upon the ground that neither of the parties was now or had ever been a resident of Kentucky, and that the cause of action arose outside of the State of Kentucky. On the overruling of the demurrers, general and special, the appellant answered, traversing the allegations of the petition and pleading specifically, in a second paragraph, that none of the facts constituting the alleged cause of action occurred

in Kentucky, and, in a fourth paragraph, the jurisdiction of and proceedings in the Nevada Court, together with the statutes of that State governing the property rights of the parties. Proof was taken, and the Court, after sustaining appellee's demurrers to the second and fourth paragraphs of the answer, entered a judgment awarding appellee $3,120 with interest, "said sum representing the independent earnings of the plaintiff after having deducted therefrom certain claims and credits allowed to defendant." This appeal followed.

We do not agree with appellant's contention that the Courts of Kentucky should decline to take jurisdiction merely because the parties to the litigation are nonresidents and the cause of action accrued outside the State. Granted that in such cases the exercise of jurisdiction by the Kentucky Courts is discretionary, nevertheless, in the absence of special circumstances making it impracticable to do full justice between the parties, the principles of comity would seem to dictate their exercise of such jurisdiction. American Jurisprudence, Vol. 14 (Courts) Sections 179 to 182, inclusive.

Nor do we find it necessary to discuss the testimony which is easily susceptible to the construction that appellee has received from appellant all to which she is legally or in good morals entitled. It is undisputed that the separation was agreeable to her and that the divorce proceedings in the Nevada Court were instituted with her approval. If the Court there, contrary to her expectations, improperly concluded the alleged rights which she asserts here, her desire for freedom from the marital yoke, which may be measured in part by her willingness to surrender the custody of her infant daughter, at least contributed to any miscarriage of justice which resulted.

And this brings us to what we deem to be the controlling fact in the case, namely, that under the Statutes of Nevada, her earnings during marriage, of which she claims her husband took possession and appropriated to his own use, were "community property," which, together with the separate property, it was the duty of the Court on granting the divorce to dispose of in such manner "as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it for the benefit of the

children.'' Nevada Compiled Laws, Sections 3355, 3356, 3368, paragraph 14, 3369, paragraph 15, 3372, 3373, and 9463, paragraph 25, as amended by an Act approved February 23, 1939, St. 1939, c. 25.

Appellee does not contend that her earnings during marriage, which she seeks to recover in this action, were not community property within the definition of the Nevada Statutes. Neither does she deny that it was the duty of the Nevada Court to determine the very question decided in her present action. She does not attempt by her pleadings to attack the validity of the Nevada decree. On the contrary, she pleads the divorce granted as the basis of her right to sue for what she conceives to be her share of the property accumulated during marriage. Her arguments against the conclusiveness of the Nevada decree are that no evidence was introduced as to property or property rights, and no specific mention thereof was made in the decree; that the question of property rights was in fact not litigated; that the decree was ''based upon deliberate misstatements as to residence and worthless conclusions as to other purported facts''; and that appellant's attempt to use it in this action as a bar to appellee's claim ''is an attempt at crass thievery.'' But these arguments overlook the fact that the appellee was a voluntary participant in the Nevada proceedings, and that her admission, by answer, of the truth of appellant's allegation that there was no community property in which either party was entitled to share, fully justified the Nevada Court in adjudging, without the introduction of proof, that the aforesaid allegation of the complaint was true. The doctrine of res judicata in relation to the effect to be given judgments of sister states is so well known as to render any discussion of it unnecessary, and its controlling effect upon the questions before us is patent. Without passing upon the merits of the other grounds for a reversal urged, we have no hesitancy in holding that the fourth paragraph of appellant's answer stated a valid defense. Interesting in this connection, though not strictly in point since property rights were not involved and the defendants were before the court on constructive service only, is the opinion of the Supreme Court in the case of Williams et al. v. State of North Carolina, 317 U. S. 287, 63 S. Ct. 207, 87 L. Ed. ..., 143 A. L. R. 1273. More nearly in point and decisive of many of the questions argued, is the case of Cheever v.

Wilson, 9 Wall. 108, 19 L. Ed. 604, cited with approval in the Williams case.

Judgment reversed with directions to overrule appellee's demurrer to the fourth paragraph of appellant's answer, and for proceedings consistent with this opinion.